UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>RICHARD C. HEIDLAGE, KOTIN CRABTREE AND STRONG, LLP; CHARLES N. ZALIS, individually; CHARLES N. ZALIS, in his capacity as General Partner of the CHARLES N. ZALIS FAMILY LIMITED PARTNERSHIP; and NORTH AMERICAN UNDERWRITING MANAGERS, INC.,<br><br>Defendants. | CA No. 05-11780NMG |

## ANSWER AND COUNTERCLAIMS OF RICHARD C. HEIDLAGE

Richard C. Heidlage ("Heidlage"), by his undersigned attorneys, for his Answer to the Complaint for Declaratory Judgment, states in response to each numbered paragraph as follows:

### Jurisdiction and Venue

1. This paragraph is a description of the action to which no response is required.

2. Admitted.

3. Admitted.

### Parties

4. Heidlage is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and they are therefore denied.

5. Admitted.

6. Admitted.

7. Heidlage is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and they are therefore denied.

8. Heidlage is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and they are therefore denied.

## **Background**

9. Admitted.

10. Paragraph 10 contains a purported description of the contents of the Second Amended Complaint (the "Second Amended Complaint"), a copy of which is attached to the Complaint for Declaratory Judgment. For his response, Heidlage states that the document itself is the best evidence of its content and import.

11. Paragraph 11 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

12. Paragraph 12 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

13. Heidlage admits that in January, 2001, Gersten, *et al.* filed suit against Zalis in Massachusetts and Zalis retained Heidlage to represent him in that litigation. Heidlage further admits that, at the time, he was Of Counsel to Prince, Lobel, Glovsky & Tye, LLP. Heidlage admits the second and third sentences of Paragraph 13.

14. Admitted.

15. Paragraph 15 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

16. Paragraph 16 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import. Heidlage admits the last sentence of paragraph 16.

17. Paragraph 17 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

### Allegations of Professional Negligence

18. Paragraph 18 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

19. Paragraph 19 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

20. Paragraph 20 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

21. Paragraph 21 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

22.  Paragraph 22 contains a purported description of the contents of the Second Amended Complaint. For his response, Heidlage states that the document itself is the best evidence of its content and import.

### The Westport Policy

23.  Admitted.

24.  Admitted.

25.  Paragraph 25 contains a purported description of the content of insurance Policy No. MAL008857 (the "Policy"). For his response, Heidlage states that the Policy itself is the best evidence of its content and import.

26.  Paragraph 26 contains a purported description of the content of the Policy. For his response, Heidlage states that the Policy itself is the best evidence of its content and import.

27.  Denied.

28.  Admitted.

29.  Heidlage admits that he is also being defended in the underlying lawsuit by Great American, but denies that Great American is the professional liability insurer of Kotin, Crabtree & Strong.

30.  Admitted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

The Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Laches)

Plaintiff is not entitled to relief because of its laches.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

By its own actions or conduct, plaintiff has waived its rights, if any, against the defendant.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff is not entitled to relief because of its unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

By its own actions or conduct, plaintiff is estopped from receiving the relief it seeks.

### REQUEST FOR RELIEF

WHEREFORE, Heidlage respectfully requests that the Court

(a) enter judgment in his favor and against Westport herein, deny Westport's request for declaratory judgment, and declare that Westport has a duty to defend and indemnify Heidlage in connection with the lawsuit filed against him pursuant to the Second Amended Complaint, being Case No. 03-011784 CA 30 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida; and

(b) award Heidlage his reasonable attorneys fees for the cost of defending Westport's declaratory judgment action.

## COUNTERCLAIM

Plaintiff-in-counterclaim Richard Heidlage ("Heidlage"), for his counterclaim in this action against Westport Insurance Corporation ("Westport"), alleges as follows:

### Parties

1. Plaintiff-in-Counterclaim Heidlage is a citizen of the Commonwealth of Massachusetts.

2. Westport is an Indiana corporation with it principal place of business in Kansas.

### Background

3. On or about May 14, 2003, Charles N. Zalis ("Zalis"), the Charles N. Zalis Limited Partnership (the "Zalis Limited Partnership"), North American Underwriting Managers, Inc. ("North American Florida") and North American Underwriting Managers Insurance Agency, Inc. ("North American Massachusetts") filed a complaint against Heidlage and others in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 03-011784 CA 30. An Amended Complaint deleted North American Massachusetts as a party. A Second Amended Complaint was filed on or about January 3, 2005. A true and accurate copy of the Second Amended Complaint is attached to the Complaint for Declaratory Judgment as Exhibit A.

4. Westport issued Policy No. MAL008857 to Kotin, Crabtree and Strong, LLP (the "Policy"). The policy defines "insured" in relevant part as follows: "'INSURED' WHENEVER USED IN THIS COVERAGE UNIT MEANS: . . . any lawyer who is a past or present . . . 'of counsel' of the NAMED INSURED, but only as respects legal services rendered on behalf of the NAMED INSURED . . . ." The policy

provides that "[t]his POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from an act, error, omission or PERSONAL INJURY committed by the following INSURED(S) prior to the corresponding RETROACTIVE DATE(s): Richard C. Heidlage – 05.01.2002.

5. On or about May 1, 2002, Heidlage became associated with Kotin, Crabtree and Strong, LLP in an of counsel capacity.

## COUNT I
### (Declaratory Judgment)

6. Heidlage incorporates herein by reference and realleges as if set forth in full herein the allegations contained in paragraphs 1-5 of the Counterclaim.

7. In each instance in which the Second Amended Complaint lists the various acts of negligence which are alleged against Heidlage, it includes the phrase "including but not limited to the following" or similar phrase. Paragraph 7 of the First Amended Complaint alleges that the litigation with respect to which the alleged malpractice occurred "was maintained from January 2001 through August 2002 . . . ." The allegations of the Second Amended Complaint are accordingly reasonably susceptible of an interpretation that they allege ongoing professional malpractice subsequent to May 1, 2002 and thus that they state a claim covered by the policy terms. Westport has taken no action in the underlying lawsuit to obtain judgment precluding Heidlage's liability for actions that he took or failed to take after May 1, 2002 or to preclude evidence at trial tending to prove that anything that Heidlage did or failed to do after May 1, 2002 was professional malpractice.

8. Notwithstanding the foregoing, Westport contends that it has no obligation to defend or indemnify Heidlage in the underlying lawsuit and it has refused to

participate in the ongoing defense. Heidlage contends that Westport has a duty to defend and indemnify him in the underlying lawsuit for any actions or failure to act after May 1, 2002. Therefore, there is an actual controversy between the parties.

### **REQUEST FOR RELIEF UNDER COUNT I**

WHEREFORE, Heidlage respectfully requests that the Court

(a) enter judgment in his favor and declare that Westport has a duty to defend and indemnify Heidlage in connection with the lawsuit filed against him pursuant to the Second Amended Complaint, being Case No. 03-011784 CA 30 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida; and

(b) award Heidlage his reasonable attorneys fees for the cost of defending Westport's declaratory judgment action

(c) grant such other and further relief as the Court deems just.

### COUNT II
(Breach of M.G.L. c. 176D and 93A)

9. Heidlage incorporates herein by reference and realleges as if set forth in full herein the allegations contained in paragraphs 1-8 of the Counterclaim.

10. Westport is engaged in "trade or commerce" as those terms are defined and used in Massachusetts General Laws Chapter 93A, and the actions alleged herein occurred primarily within the Commonwealth of Massachusetts.

11. The above-referenced acts of the defendant constitute unfair or deceptive trade practices and are a willful and knowing violations of G.L. c. 176D and 93A, §§ 2 and 11.

8

12.     As a result of the above-referenced violations of G.L. c. 176D and 93A, Heidlage has suffered and will continue to suffer damages in an amount to be proved at trial, including the cost of defending Westport's declaratory judgment action.

### REQUEST FOR RELIEF UNDER COUNT II

WHEREFORE, Heidlage respectfully requests that the Court grant judgment to Heidlage in the amount of his damages as proved at trial, trebled, plus interest, costs, attorneys' fees and such other and further relief as the Court deems just.

Respectfully submitted,

RICHARD C. HEIDLAGE

By his attorney,

Richard M. Bluestein, BBO No. 046840
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

DATED: November 28, 2005

2012\0001\158047.1