UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 05CV11780NMG

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD C. HEIDLAGE; KOTIN, | ) |
| CRABTREE AND STRONG, LLP; | ) |
| CHARLES N. ZALIS, individually; | ) |
| CHARLES N. ZALIS, in his capacity as | ) |
| General Partner of the CHARLES N. | ) |
| ZALIS FAMILY LIMITED PARTNERSHIP; | ) |
| and NORTH AMERICAN | ) |
| UNDERWRITING MANAGERS, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT
## KOTIN, CRABTREE & STRONG, LLP

The defendant Kotin, Crabtree & Strong, LLP, ("KCS") hereby responds to the numbered paragraphs of the Complaint as follows:

1. Insofar as Paragraph 1 simply purports to characterize the plaintiff's action, no response is required.

2. Insofar as Paragraph 2 sets forth conclusions of law, no response is required.

3. Insofar as Paragraph 3 sets forth conclusions of law, no response is required.

4. KCS admits, upon information and belief, the allegations of Paragraph 4.

5. KCS admits the allegations of Paragraph 5.

6. KCS admits the allegations of Paragraph 6.

7. KCS is without sufficient knowledge or information to form a belief as to the truth or the allegations of Paragraph 7.

8. KCS is without sufficient knowledge or information to form a belief, as to the truth or the allegations of Paragraph 8.

9. KCS admits the allegations of Paragraph 9.

10. To the extent Paragraph 10 purports to describe the contents of a document, that document speaks for itself and no further response is required.

11. To the extent Paragraph 11 purports to describe the contents of a document, that document speaks for itself and no further response is required.

12. To the extent Paragraph 12 purports to describe the contents of a document, that document speaks for itself and no further response is required.

13. KCS admits the allegations of Paragraph 13.

14. KCS admits the allegations of the first sentence of Paragraph 14. Insofar as the second sentence purports to describe the contents of a document, that document speaks for itself and no further response is required.

15. Insofar as Paragraph 15 purports to describe the contents of a document, that document speaks for itself and no further response is required.

16. Answering the allegations of the first four sentences of Paragraph 16, KCS states that insofar as they purport to describe the contents of a document, that document speaks for itself and no further response is required. KCS admits the allegations of the last sentence.

17. Insofar as Paragraph 17 purports to describe the contents of a document, that document speaks for itself and no further response is required.

18.     Insofar as Paragraph 18 purports to describe the contents of a document, that document speaks for itself and no further response is required.

19.     Insofar as Paragraph 19 purports to describe the contents of a document, that document speaks for itself and no further response is required.

20.     Insofar as Paragraph 20 purports to describe the contents of a document, that document speaks for itself and no further response is required.

21.     Insofar as Paragraph 21 purports to describe the contents of a document, that document speaks for itself and no further response is required.

22.     Insofar as Paragraph 22 purports to describe the contents of a document, that document speaks for itself and no further response is required.

23.     KCS admits the allegations of Paragraph 23.

24.     KCS admits the allegations of Paragraph 24.

25.     Insofar as Paragraph 25 purports to describe the contents of a document, that document speaks for itself and no further response is required.

26.     Insofar as Paragraph 26 purports to describe the contents of a document, that document speaks for itself and no further response is required

27.     Insofar as the first sentence of Paragraph 27 purports to describe the contents of a document, that document speaks for itself and no further response is required. Insofar as the second sentence sets forth conclusions of law, no response is required.

28.     KCS admits the allegations of Paragraph 28.

29.     KCS denies the allegations of Paragraph 29, as written. Further answering, KCS states, upon information and belief, that Great American is the professional liability insurer for Prince, Lobel, Glovsky & Tye, LLP.

30.     KCS admits the allegations of the first two sentences of Paragraph 30. Insofar as the third sentence sets forth conclusions of law, no response is required.

By its attorneys,

_____
Nicholas M. Kelley, BBO#265640
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031

Dated: November 28, 2005