UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 DEC 12  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> RICHARD C. HEIDLAGE; KOTIN, CRABTREE AND STRONG, LLP; CHARLES N. ZALIS, individually; CHARLES N. ZALIS, in his capacity as General Partner of the CHARLES N. ZALIS FAMILY LIMITED PARTNERSHIP; and NORTH AMERICAN UNDERWRITING MANAGERS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CA No. 05-11780NMG ) ) ) ) ) ) ) ) ) ) ) |

### WESTPORT'S ANSWER TO HEIDLAGE'S COUNTERCLAIM

Westport Insurance Corporation ("Westport"), by its undersigned attorneys, for its Answer to the Counterclaim of Richard C. Heidlage ("Heidlage"), states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Westport admits the allegations in the first sentence of paragraph 4. Westport admits that Heidlage has accurately quoted excerpts from the Policy.

5. Admitted.

### COUNT I

6. Westport incorporates its responses to paragraphs 1 through 5 as though fully set forth herein.

7.  Westport denies the allegations in the first sentence of paragraph 7. To the extent that Heidlage is interpreting the allegations in paragraph 7 of the Second Amended Complaint as a contention on the part of Zalis, et al., that Heidlage is liable for professional malpractice committed after May 1, 2002, the second sentence of paragraph 7 is denied. Westport denies the allegations in the third sentence of paragraph 7. Westport is not a party to the underlying lawsuit, and therefore admits the allegations in the fourth sentence of paragraph 7. Heidlage, however, is being vigorously defended in the underlying lawsuit at the expense of Westport.

8.  Westport denies the "[n]ot withstanding the foregoing" characterization. Westport admits that it contends that Westport has no obligation to defend or indemnify Heidlage in the underlying lawsuit. Westport denies that it has refused to participate in the ongoing defense of Heidlage, and Heidlage admits in paragraph 28 of his Answer that Westport is defending him in the underlying lawsuit. Westport admits the allegations in the second sentence of paragraph 8, but denies the validity of Heidlage's contention. Westport admits the allegations in the third sentence in paragraph 8.

## COUNT II

9.  Westport incorporates its responses to paragraphs 1 through 8 as though fully set forth herein.

10. Westport admits that it is engaged in "trade or commerce" as those terms are defined in Massachusetts General Laws Chapter 93A, but denies that Chapter 93A is applicable to this matter. Westport denies the remaining allegations in paragraph 10.

11. Westport denies the allegations in paragraph 11.

12. Westport denies the allegations in paragraph 12.

Wherefore, Westport denies that the defendant is entitled to any of the relief requested by him in Counts I and II of the Counterclaim.

        Respectfully submitted,

        Westport Insurance Corporation

        By: _____
        One of its Attorneys

Steven J. Bolotin
BBO #564085
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Jeffrey A. Goldwater
Robert A. Chaney
Bollinger, Ruberry& Garvey
500 W. Madison St.
Suite 2300
Chicago, Illinois 60661
(312) 466-800
(312) 466-8001 (fax)

**CERTIFICATE OF SERVICE**

I, Robert A. Chaney, certify that on December 9, 2005, the foregoing Westport Insurance Corporation's Answer to Heidlage's Counterclaim, was served on counsel below by U.S. First Class Mail, postage prepaid.

Robert A. Chaney

Richard M. Bluestein
Krokidas & Bluestein LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

Nicholas M. Kelley
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031

4