UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>RICHARD C. HEIDLAGE, et al., )<br>)<br>Defendants. ) | CA No. 05-11780NMG |

**MOTION FOR SUMMARY JUDGMENT
OF WESTPORT INSURANCE CORPORATION**

Plaintiff Westport Insurance Corporation ("Westport"), by its undersigned attorneys, moves pursuant to Fed.R.Civ.P. 56(a) for summary judgment on its Complaint for Declaratory Judgment and on the Counterclaim of Richard C. Heidlage, and in support thereof, states as follows:

1. In this action, Westport seeks a declaration that it does not have a duty to defend or indemnify Richard C. Heidlage ("Heidlage") in a legal malpractice action in which he is being jointly defended by Westport and Great American Insurance Company. The legal malpractice action was filed by Charles N. Zalis ("Zalis") and others in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 03-011784 CA 30.

2. In Count I of Heidlage's Counterclaim, Heidlage seeks a declaration that Westport has a duty to defend and indemnify him in the legal malpractice action. In Count II, Heidlage contends that Westport breached MG.L.c. 176D or 93A, §§ 2 and 11.

3. In the legal malpractice action, Zalis alleges that Heidlage committed various negligent acts and omissions in connection with his representation of Zalis in a suit filed on his behalf against a former business partner.

4. Westport issued Lawyers Professional Liability Policy No. MAL008857, effective March 8, 2002 to March 8, 2003 on a claims made and reported basis, to Kotin, Crabtree & Strong, LLP (the "Policy"). Heidlage became associated with Kotin, Crabtree & Strong in an of counsel capacity on May 1, 2002. Prior to that date, Heidlage was of counsel to Prince, Lobel, Glovsky & Tye, LLP, Great American's named insured.

5. Westport contends that it is entitled to summary judgment on the basis of a Limitation of Individual Prior Acts Endorsement, which excludes coverage for claims based on acts, errors or omissions allegedly committed by Heidlage prior to May 1, 2002:

> LIMITATION OF INDIVIDUAL PRIOR ACTS
> * * *
> This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from any act, error, omission or PERSONAL INJURY committed by the following INSURED(S) prior to the corresponding RETROACTIVE DATE(S):
>
> Richard C. Heidlage – 05.01.2002

6. Westport's contention is supported by the deposition testimony of Zalis in the malpractice action. Zalis testified that everything he contends Heidlage did wrong had already occurred by May 1, 2002, and that Heidlage did not do anything wrong after that date in the course of his representation of Zalis.

7. Westport's motion is also supported by the fact what while Zalis sued the Prince, Lobel firm on the basis of Heidlage's association with that firm prior to May 1, 2002 (the prior acts date in the Westport policy), he chose not to sue Kotin, Crabtree & Strong. Additionally,

Zalis did not sue an attorney who was co-counsel with Heidlage beginning in March 2002, and became lead counsel shortly thereafter.

8. Additionally, court orders in the Zalis lawsuit establish that the acts, errors or omissions complained of in the complaint in the malpractice action occurred prior to May 1, 2002, and that the alleged malpractice could not have been cured on or after that date.

9. Therefore, the Limitation of Individual Prior Acts Endorsement precludes coverage for Richard Heidlage, and the Court should enter an order of summary judgment in favor of Westport and against Richard C. Heidlage and Kotin, Crabtree & Strong, LLP, and a declaration that Westport has no duty to defend or indemnify Heidlage in the underlying legal malpractice action and may withdraw from the joint defense of Heidlage in that action.

10. As Westport has no duty to defend or indemnify Heidlage, it follows that Westport can not have breached MG.L.c. 176D or 93A, §§ 2 and 11, as alleged in Count II of Heidlage's Counterclaim.

11. In further support of its motion, Westport has filed a Memorandum of Law.

Respectfully submitted,

Westport Insurance Corporation

By: /s/sbolotin
    One of its Attorneys

Steven J. Bolotin
BBO #564085
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Jeffrey A. Goldwater
Robert A. Chaney
Bollinger, Ruberry& Garvey
500 W. Madison St.

3

Suite 2300
Chicago, Illinois 60661
(312) 466-800
(312) 466-8001 (fax)

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 5, 2006.


                    /s/sbolotin
                    Steven J. Bolotin