UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD C. HEIDLAGE, KOTIN, CRABTREE AND STRONG, LLP, AND NORTH AMERICAN UNDERWRITING MANAGERS, INC.<br><br>Defendants. | CIVIL ACTION NO.<br>1:05-cv-11780 NMG |

**DEFENDANT RICHARD C. HEIDLAGE'S OPPOSITION TO WESTPORT INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT ON WESTPORT'S CLAIMS AND PARTIAL SUMMARY JUDGMENT ON HIS COUNTERCLAIMS**

Defendant Richard C. Heidlage ("Heidlage") hereby opposes Plaintiff Westport Insurance Corporation's ("Westport") Motion for Summary Judgment on its Complaint for Declaratory Judgment and on the Counterclaim of Richard C. Heidlage and moves for summary judgment on Westport's Complaint for Declaratory Judgment and for partial summary judgment on his counterclaims to establish his right to attorneys' fees, costs and other expenses of this litigation. As grounds for this opposition and his cross-motions, Heidlage states, as more fully set forth in the attached Defendant Richard C. Heidlage's Memorandum in Opposition to Westport Insurance Corporation's Motion for Summary Judgment and in Support of his Cross-Motion for Summary Judgment on Westport's Claims and Partial Summary Judgment on his Counterclaims, as follows:

1. Westport's motions for summary judgment must be denied because under applicable Massachusetts law, an insurer has a duty to defend if the allegations of the third party complaint are "'reasonably susceptible' of an interpretation that they state or adumbrate a claim

covered by the policy terms" regardless of their ultimate merit. That duty continues until the insurer has established *with conclusive effect on the third party in the third party action* that the third party cannot establish a claim within the coverage of the policy. Westport has not even argued that it has met either of these tests to avoid its obligation to defend. In its moving papers, Westport has not disputed that the allegations of the second amended complaint assert legal malpractice claims falling within the terms of the policy. Nor does it claim that it has obtained judgment in the underlying action dismissing any such post May 1, 2002 claims or established in that action that such claims are conclusively precluded.

    2.    Heidlage is entitled to partial summary judgment on his counterclaims because, under Massachusetts law, Westport's failure to obtain a judgment in the underlying suit precluding any claims covered by the Westport policy prior to bringing this action entitles Heidlage to his attorney fees and other expenses of this action.

        Respectfully submitted,

        RICHARD C. HEIDLAGE
        By his attorney,


        ___\s\ Richard M. Bluestein_____
        Richard M. Bluestein, BBO# 046840
        KROKIDAS & BLUESTEIN, LLP
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 482-7211

Dated: October 13, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document was served upon counsel of record for plaintiff pursuant to the Court's Electronic Filing system this 13th day of October, 2006.

        ___\s\ Richard M. Bluestein_____

2012\0001\191971.1