## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **WESTPORT INSURANCE CORPORATION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION No.** |
| **v.** | ) | **1:05-cv-11780 NMG** |
| | ) | |
| **RICHARD C. HEIDLAGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### WESTPORT'S OPPOSITION TO HEIDLAGE'S
### MOTION FOR LEAVE TO FILE REPLY BRIEF

Plaintiff Westport Insurance Corporation ("Westport") submits this Opposition to Heidlage's Motion for Leave to File Reply to Westport Insurance Corporation's Opposition to Heidlage's Cross-Motion for Summary Judgment on Westport's Claims and Partial Summary Judgment on Westport's Claims and Partial Summary Judgment on his Counterclaims.

1.      Heidlage belatedly seeks to file a reply brief one and a half months after Westport filed its opposition to Heidlage's Cross-Motion for Summary Judgment. Heidlage attempts to justify the timing of the motion by implying that he wanted to wait to see if the mediation in the underlying case would be successful, thus potentially eliminating the need for a hearing on the cross-motions. The mediation took place over a month ago, on November 30, 2006. Therefore, this justification is without merit and Heidlage's motion should be denied on the basis of untimeliness.

2.      Heidlage's motion should also be denied because much of the reply reiterates arguments made in Heidlage's prior brief. Specifically, this applies, with one exception, to the arguments on pages 1 through 5 and page 11.

3.      On page 5, Heidlage blatantly mischaracterizes Westport's argument and the opinion of Zalis's expert:

> Westport in effect admits that the claimed instances of malpractice that Zalis will attempt to prove at trial in the underlying action are broader than the specific acts alleged in the underlying complaint. In describing the opinion of the underlying plaintiffs' expert witness, Westport states:
>
>> [The expert] also identifies the alleged acts of malpractice of Heidlage and Prince, Lobel that he will testify to in support of his opinions. *With the exeption of the omission of the alleged failure to name NAUM as a defendant, and the alleged inadequate discovery efforts*, the acts identified by [the expert] are identical to those alleged in paragraphs 43 and 46 of the underlying complaint.
>
> (Westport's Opposition to Heidlage's Cross-motion for Summary Judgment on Westport's Compliant (sic) and Heidlage's Motion for Partial Summary Judgment on His counterclaims ("Westport's Opposition") at 9.
>
> Any objection that evidence with regard to these additional allegations should be excluded at trial because they were not specifically itemized in the underlying complaint would be frivolous. Thus the general allegations, denigrated by Westport as "boilerplate," are certainly broad enough to encompass such additional claims that are not specifically listed but that fall within the relevant time period.

4.      In this passage, Heidlage would have the Court believe that in his report, Zalis's expert states that Heidlage committed two additional acts of malpractice not referred to in the underlying complaint. From this false statement, Heidlage argues, in effect, that the Court should find that the boilerplate phrases "including but not limited to," and "among other things," are sufficient in and of themselves to create a duty to defend because Zalis did not, in fact, limit his claim to the acts of malpractice alleged in the underlying complaint.

5.      In reality, just the opposite is the case. Zalis's expert did **not** state in his report that Heidlage and Prince, Lobel (Great American's named insured), negligently failed to name NAUM as a defendant and negligently failed to pursue certain discovery. *See Second Affidavit of Robert A. Chaney*, Exhibit A. These allegations, however, are in the underlying complaint. Thus,

rather than including additional claims not present in the underlying complaint, Zalis's expert

narrowed the allegations of malpractice against Heidlage by omitting claims that had been made

in the underlying complaint.

6.    While Heidlage's motion should be denied for the foregoing reasons, were the

Court to grant Heidlage's motion, Westport respectfully requests that the Court also consider

paragraph 4 and 5 above in assessing Heidlage's argument concerning the significance of the

boilerplate allegations.

Respectfully submitted,

Westport Insurance Corporation

By:_ /s/sbolotin_____.
    One of its Attorneys

Steven J. Bolotin
BBO #564085
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Robert A. Chaney
George J. Manos
Jeffrey A. Goldwater
Bollinger, Ruberry& Garvey
500 W. Madison St.
Suite 2300
Chicago, Illinois 60661
(312) 466-800
(312) 466-8001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 5, 2007.

___ /s/sbolotin_____.
    Steven J. Bolotin