UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WESTPORT INSURANCE CORPORATION, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD C. HEIDLAGE, KOTIN, )<br>CRABTREE AND STRONG, LLP, AND )<br>NORTH AMERICAN UNDERWRITING )<br>MANAGERS, INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>1:05-cv-11780 NMG |

## JOINT STATUS REPORT

Westport Insurance Corporation ("Westport") and Richard C. Heidlage ("Heidlage"), by their respective attorneys, submit this Joint Status Report pursuant to the January 26, 2007 order of the Court.

Pursuant to the stipulation between Westport and Heidlage, Westport has paid $52,300.00 to Heidlage in full settlement of any claim for, or damages relating to, attorney's fees or costs incurred by Heidlage in this action prior to January 31, 2007.

Discovery is drawing to a conclusion in underlying case, *Charles N. Zalis, et al. v. Prince Lobel Glovsky & Tye, LLP* in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida. On April 4, 2007, the plaintiffs served responses to the First Request for Admissions of Prince Lobel Glovsky & Tye, LLP, a portion of which is attached. Of particular note with respect to Westport's May 1, 2002 retroactive date for acts, errors or omissions committed by Heidlage, is plaintiffs' admission of the following:

30. Admit that all acts of alleged professional negligence that You claim Heidlage committed occurred before May 1, 2002.

On May 31, 2007, Heidlage's defense counsel was scheduled to take the deposition of plaintiffs' standard of care expert, Scott Jay Feder. Upon receipt of the transcript, the parties will file a further status report as to the impact of Feder's testimony, if any, on this case, as appropriate.

| WESTPORT INSURANCE CORPORATION<br>By its Attorneys, | RICHARD C. HEIDLAGE<br>By his Attorney, |
|---|---|
| /s/ Steven J. Bolotin | /s/ Richard M. Bluestein |
| Steven J. Bolotin, BBO #564085<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 | Richard M. Bluestein, BBO#046840<br>KROKIDAS & BLUESTEIN LLP<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 482-7211 |

George J. Manos
Jeffrey A. Goldwater
BOLLINGER, RUBERRY & GARVEY
500 W. Madison St.
Suite 2300
Chicago, Illinois 60661
(312) 466-800

Dated: June 1, 2007

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon counsel of record for each party hereto by the Court's electronic filing system on this 1st day of June, 2007.

/s/ Richard M. Bluestein

Richard M. Bluestein

2012\0001\202405.1

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 03-011784 CA 30

CHARLES N. ZALIS, individually,
CHARLES N. ZALIS, in his capacity as
General Partner of the CHARLES N.
ZALIS FAMILY LIMITED PARTNERSHIP,
a Virginia limited partnership, and NORTH
AMERICAN UNDERWRITING MANAGERS,
INC., a Florida corporation,

    Plaintiffs,

vs.

PRINCE LOBEL GLOVSKY & TYE, LLP,
a Massachusetts limited liability partnership,
BROAD & CASSEL, P.A., a Florida
professional association, FRANKLIN L. ZEMEL,
P.A., a Florida professional association,
RICHARD HEIDLAGE, ESQ., and FRANKLIN L.
ZEMEL, ESQ., individually,

    Defendants.
_____/

## DEFENDANT, PRINCE LOBEL GLOVSKY & TYE, LLP'S
## FIRST REQUEST FOR ADMISSIONS TO EACH PLAINTIFF

Defendant, PRINCE LOBEL GLOVSKY & TYE, LLP, ("Law Firm" or "Prince Lobel") by and through its undersigned attorneys, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, requests that each of the Plaintiffs, CHARLES N. ZALIS, CHARLES N. ZALIS FAMILY LIMITED PARTNERSHIP and NORTH AMERICAN UNDERWRITING MANAGERS, INC., a dissolved Florida corporation, separately admit the truth of the following matters and the genuineness of the documents described in this request in accordance with the applicable Rule and the definitions and instructions attached.

CASE NO.: 03-011784 CA 30

## FIRST SET OF REQUESTS FOR ADMISSION TO EACH PLAINTIFF

1. Admit that Heidlage had an "Of Counsel" relationship with Prince Lobel during a portion of the time the Underlying Lawsuit was pending.

2. Admit that the "Of Counsel" relationship between Heidlage and Prince Lobel was negotiated and consummated in Massachusetts.

3. Admit that the "Of Counsel" relationship between Heidlage and Prince Lobel is governed by Massachusetts law.

4. Admit that Heidlage was initially retained to provide legal services to You relating to Gersten and Gersten Related Persons in Massachusetts.

5. Admit that Heidlage's "Of Counsel" relationship with Prince Lobel was that of a sole practitioner lawyer who was treated as an arms length renter of office space.

6. Admit that Heidlage dealings and contacts with Prince Lobel all took place in Massachusetts.

7. Admit that the Prince Lobel law firm did not have, at any time any agreement with you to perform legal services for You.

8. Admit that Prince Lobel never represented to You that Heidlage was an employee of the firm.

9. Admit that Prince Lobel never represented to You that Heidlage was a member of the Prince Lobel law firm.

6

CASE NO.: 03-011784 CA 30

10. Admit that You never contacted Prince Lobel during the pendency of the Underlying Lawsuit to ascertain the nature of the relationship between Prince Lobel and Heidlage.

11. Admit that the Prince Lobel law firm was never specially admitted to practice in the United States District Court for the Southern District of Florida.

12. Admit that Heidlage was not acting as an actual agent of Prince Lobel when he provided legal representation to You.

13. Admit that Heidlage was not acting as a representative of Prince Lobel when he provided legal representation to You.

14. Admit that You were never informed orally or in writing by any person associated with Prince Lobel that Heidlage was an employee, representative or agent of Prince Lobel before or at the time You retained Heidlage to provide legal services to You regarding the case filed by Gersten and Gersten Related Persons in Massachusetts involving You.

15. Admit that You were never informed orally or in writing by any person associated with Prince Lobel that Heidlage was an employee, representative or agent of Prince Lobel before or at the time You retained Heidlage to provide legal services to You regarding the Underlying Lawsuit.

16. Admit that you had no communications with any attorney employed by Prince Lobel relating to substantive matters in the cases involving Gersten and Gersten Related Persons for which Heidlage was providing Legal Services to You.

7

CASE NO.: 03-011784 CA 30

17. Admit that the account receivables derived from Heidlage's providing legal representation to You in the matters involving Gersten and Gersten Related Persons belonged exclusively to Heidlage.

18. Admit that when Heidlage discontinued his "Of Counsel" relationship with Prince Lobel, Your case files and related account receivables for services performed in the Gersten and Gersten Related Persons cases were the property of Heidlage, not Prince Lobel.

19. Admit that during the entire time Heidlage was representing You in the matters involving Gersten and Gersten Related Persons You were never provided with a copy of the April 21, 1998 agreement between Heidlage and Prince Lobel attached hereto as Exhibit A.

20. Admit that during the entire time Heidlage was representing You in the matters involving Gersten and Gersten Related Persons You never requested a copy of any agreement between Heidlage and Prince Lobel.

21. Admit that during the period of time Heidlage had a relationship with Prince Lobel while providing legal representation to You in the Gersten and Gersten Related Persons cases that Heidlage was required to reimburse Prince Lobel for his parking and his client's parking.

22. Admit that during the period of time Heidlage had a relationship with Prince Lobel while providing legal representation to You in the Gersten and Gersten Related Persons cases that Heidlage was required to reimburse Prince Lobel for his postage and photocopying costs.

23. Admit that during the period of time Heidlage had a relationship with Prince Lobel while providing legal representation to You in the Gersten and Gersten Related Persons cases that Heidlage was required to reimburse Prince Lobel for half of the cost for the Prince Lobel secretary made available for his use.

8

CASE NO.: 03-011784 CA 30

24. Admit that during the period of time Heidlage had a relationship with Prince Lobel while providing legal representation to You in the Gersten and Gersten Related Persons cases that Heidlage was required to reimburse Prince Lobel for the cost of his malpractice insurance.

25. Admit that during the period of time Heidlage had a relationship with Prince Lobel while providing legal representation to You in the Gersten and Gersten Related Persons cases that Heidlage was required to pay Prince Lobel a monthly rental fee for his office space.

26. Admit that in the cases in which You retained Heidlage to provide legal services, the legal services were provided to You by Heidlage, not the law firm of Prince Lobel.

27. Admit that Prince Lobel is sued by You in this Action solely on the allegation that it is vicariously liable for the alleged professional negligence of Heidlage.

28. Admit that at the time You initially hired Heidlage to provide legal services for You relating to Gersten and Gersten Related Persons You had never visited Prince Lobel's offices.

29. Admit that Prince Lobel performed billing services for Heidlage as an accommodation to him and at his request during the period of time Heidlage provided legal representation to You while he had an of counsel relationship with Prince Lobel.

30. Admit that all acts of alleged professional negligence that You claim Heidlage committed occurred before May 1, 2002.

9

CASE NO.: 03-011784 CA 30

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via fax and U.S. Mail on this 8th day of March, 2007 to all counsel of record on the attached service list.

Attorneys for Defendant,
Prince Lobel Glovsky & Tye, LLP
JOSEPHS JACK
2950 S.W. 27th Avenue, Suite 100
Miami, FL 33133
Tel.: 305-445-3800, Fax: 305-448-5800

By: _____
Joseph W. Beasley
Florida Bar No. 172074

CASE NO.: 03-011784 CA 30

## CHARLES N. ZALIS, ET AL V. PRINCE LOBEL, et al.
In the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County,
Florida
Case Number: 03-011784 CA 30

### SERVICE LIST

**Counsel for Plaintiff, Zalis**
RICHARD M. BALES, JR., ESQ.
Bales & Sommers, P.A.
One Biscayne Tower, Suite 1881
2 South Biscayne Blvd.
Miami, FL 33131
Tel:  305-372-1200
Fax:  305-372-9008

**Counsel for Plaintiff, North American**
MARTIN L. NATHAN, ESQ.
Martin L. Nathan, P.A.
444 Brickell Avenue, Suite 1000
Miami, FL 33131
Tel:  305-371-5588
Fax:  305-371-2941

**Counsel for Defendant, Heidlage**
JOSEPH H. LOWE, ESQ.
JEFFREY SWARTZ, ESQ.
Stephens, Lynn, Klein, LaGava, et al
9130 S. Dadeland Blvd., PH 1 & 2
Miami, FL 33156
Tel:  305-670-3700
Fax:  305-670-8592

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 03-011784 CA 30

CHARLES N. ZALIS, individually, and
CHARLES N. ZALIS in his capacity as
General Partner of the CHARLES N. ZALIS
FAMILY LIMITED PARTNERSHIP, a
Virginia limited partnership, and NORTH
AMERICAN UNDERWRITING
MANAGERS, INC., a Florida corporation,

    Plaintiffs,

vs.

KAYE SCHOLER, LLP, a New York limited liability
partnership, BROAD & CASSEL, P.A., a Florida
professional association, FRANKLIN L. ZEMEL,
P.A., a Florida professional association;
PRINCE LOBEL GLOVSKY & TYE, LLP,
a Massachusetts limited liability partnership;
MANUEL KUSHNER, ESQ., RICHARD
HEIDLAGE, ESQ., FRANKLIN L. ZEMEL, ESQ.,
individually,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO
DEFENDANT, PRINCE LOBEL GLOVSKY & TYE, LLP'S
FIRST REQUEST FOR ADMISSIONS**

The Plaintiffs, Charles N. Zalis and the Charles N. Zalis Family Limited Partnership by and through undersigned counsel, hereby respond to the Defendant's Request for Admissions.

1. Admitted only that Prince Lobel and the Defendant Heidlage referred to the relationship as "of counsel."

1
BALES SOMMERS & KLEIN, P.A.
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

2.  The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 2.

3.  Denied.

4.  Admitted.

5.  Denied.

6.  Denied

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11. Denied.

12. The Plaintiffs object to this Request on the ground that it is unduly vague, as phrased, and is not subject to admission or denial.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 18.

19. Admitted.

20. Admitted.

21. The Plaintiffs are without sufficient information or knowledge to admit or deny

paragraph 21.

22. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 22.

23. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 23.

24. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 24.

25. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 25.

26. Denied, as services were provided by both Heidlage and Prince Lobel.

27. Denied.

28. Admitted.

29. The Plaintiffs are without sufficient information or knowledge to admit or deny paragraph 29.

30. Admitted.

BALES SOMMERS & KLEIN, P.A.
2 South Biscayne Boulevard
Suite 1881
Miami, Florida 33131
Telephone: 305-372-1200
Facsimile: 305-372-9008
Attorneys for the Plaintiffs
Charles N. Zalis and the Charles N.
Zalis Family Limited Partnership

By _____
Richard M. Bales, Jr.
Florida Bar No. 247952

MARTIN L. NATHAN, P.A.
Suite 700
444 Brickell Avenue
Miami, Florida 33131
Telephone: 305-371-5588
Facsimile: 305-371-2941
Attorneys for Plaintiff
North American Underwriting
Managers, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this _4th_ day of April, 2007 to:

Joseph Lowe, Esq.
9130 South Dadeland Boulevard
PH2, Datran II Center
Miami, Florida 33156

Joseph Beasley, Esq.
Joseph, Jack & Miranda, P.A.
2950 S.W. 27th Avenue
Suite 100
Miami, Florida 33133

_____
Richard M. Bales, Jr.